United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, in his capacity as Trustee, et al. <br><br> Plaintiffs, <br><br> v. <br><br> CANYON SPRINGS ENTERPRISES DBA RSH CONTRUCTION SERVICES, et al., <br><br> Defendants | No. C 06-4451 SBA <br><br> **ORDER** <br> [Docket No. 3] |

This matter comes before the Court on Plaintiffs' Ex Parte Motion For Issuance Of Right To Attach Order And Writ Of Attachment Or Alternatively Temporary Protective Order ("Plaintiffs' Motion") [Docket No. 3].  Having read and considered all the papers filed in connection with this motion and being fully informed,

IT IS HEREBY ORDERED THAT the Court GRANTS Plaintiffs' alternative request for a Temporary Protective Order, as follows:

1) Plaintiffs shall file an undertaking in the amount of $10,000.00 **before this Temporary Protective Order shall issue**.  Plaintiffs shall file the undertaking in the amount of $10,000.00 no later than August 1, 2006.  In the event that Plaintiffs fail to file such undertaking, this Temporary Protective Order shall not issue.

2) Defendant Canyon Springs Enterprises doing business as RSH Construction Services ("Canyon Springs") is a Corporation.

3) The amount sought to be secured by the attachment under Plaintiff's Motion is $70,371.17.

4) The claim upon which Plaintiffs' Motion is based is one upon which an attachment may be issued pursuant to California Code of Civil Procedure § 483.010.

5) Plaintiffs have established the probable validity of the claim upon which Plaintiff's Motion is based.

6) This Order is not sought for a purpose other than the recovery upon the claim on which Plaintiff's Motion is based.

7) Great or irreparable injury will result to Plaintiffs if this Order is not issued, because there is a danger that the property sought to be attached would be concealed, substantially impaired in value, or made unavailable to levy by other than concealment or substantial impairment in value. Specifically, there is a danger that Canyon Springs will deplete all of its funds to pay its current expenses.

8) The requirements of California Code of Civil Procedure § 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.

9) The property subject to the following order is $70,371.17 of all corporate property of Canyon Springs for which a method of levy is provided by California Code of Civil Procedure §§ 488.300-488.485, including, but not limited to any and all accounts receivable and general intangibles payable to Canyon Springs by CB&I Constructors, Inc. ("Protected Property").

10) Canyon Springs shall not transfer, directly or indirectly, any interest in the Protected Property.

11) The instant Order shall expire at the earliest of the following times: a) when a levy of attachment upon the Protected Property is made by Plaintiffs, b) 40 days after the issuance of this Order, or c) upon order of this Court.

IT IS FURTHER ORDERED THAT Plaintiffs and/or Plaintiffs' counsel of record and Canyon Springs and/or Canyon Springs' counsel of record shall appear in Courtroom 3 of the United

States Courthouse, 1301 Clay Street, Oakland, California, on **September 5, 2006, at 1:00 p.m.** for a hearing on Issuance Of Right To Attach Order and Writ of Attachment. Plaintiffs shall file a Motion for Issuance of Right to Attach Order and Writ of Attachment no later than August 4, 2006, in conformance with the Local Rules and Standing Orders for this Court. Opposition and Reply papers shall be filed in conformance with the Local Rules and Standing Orders for this Court.

//

//

    IT IS SO ORDERED.

Dated: 7/31/06

                                         _Saundra B Armstrong_
                                         SAUNDRA BROWN ARMSTRONG
                                         United States District Judge

**United States District Court**
For the Northern District of California